IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br>    Petitioner,<br><br>v.<br><br>T. FELKER, Warden, et al.<br>    Respondent. | CASE NO.   CIV S-07-0855 BJR<br><br>ORDER DENYING REQUEST FOR<br>CERTIFICATE OF APPEALABILITY |

This matter comes before the court on Petitioner's Request for a Certificate of Appealability. (Dkt. No. 25.) The court hereby DENIES the request, for the reasons described below.

Petitioner, a California state prisoner proceeding pro se, has timely filed a notice of appeal of this court's July 8, 2009 dismissal of his application for a writ of habeas corpus. (Dkt. No. 22.) Before Petitioner can appeal this decision, a certification of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. APP. P. 22(b).[1]

A certificate of appealability is required to appeal "the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court." *See Wilson v.*

---

[1] Petitioner filed directly with the United States Court of Appeals for the Ninth Circuit. (Dkt. No. 24.) The Appellate Commissioner remanded to this Court for the limited purpose of granting or denying a certification of appealability. *Id.*

1

*Bellequ*, 554 F.3d 816, 824 (9th Cir. 2009). A district court may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Belleque*, 554 F.3d at 825–26. The certificate-of-appealability requirement "constitutes a gatekeeping mechanism that prevents [federal courts] from devoting judicial resources on frivolous issues while at the same time affording habeas petitioners an opportunity to persuade [courts] through briefing and argument of the potential merit of issues that may appear, at first glance, to lack merit." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner alleged in his habeas petition that he was denied his constitutionally guaranteed right to the effective assistance of counsel when his trial attorney failed to produce certain witnesses at trial and failed to properly impeach other witnesses. The merits of Petitioner's claims are squarely governed by the Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). First, Petitioner must show that his trial attorney's performance was deficient. *Id.* at 687. Second, he must show that the deficient performance prejudiced his defense. *Id.* To establish ineffectiveness, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice he "must

show that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different." *Id.* at 694.

The State Court adjudicated Petitioner's claims on the merits.[2] With respect to Petitioner's argument that his counsel was ineffective because he failed to produce certain witnesses at trial, the State Court held that Petitioner failed to meet the prejudice prong of the *Strickland* test. *See* Dkt. No. 22 at 5-11. With respect to Petitioner's claim that his trial attorney failed to properly impeach several witnesses, the State Court held that Petitioner failed to establish that his counsel's representation fell below an objective standard of reasonableness or that it prejudiced Petitioner's defense. *Id.* at 11-15.

On review, this court determined that, under the extremely limited scope of review afforded by *Jackson v. Virginia*, 443 U.S. 307 (1977) and the AEDPA, the State Court's application of *Strickland v. Washington*, 466 U.S. 668 (1984) was proper. (Dkt. No. 22, at 4-17.) This court may not review the State Court's decision de novo. Rather, this court is limited to a deferential review of the State Court's adjudication which this court does not hold to be objectively unreasonable. The Petitioner has failed to demonstrate that reasonable jurists would find this court's assessment of Petitioner's constitutional claims debatable or wrong. Therefore, he has failed to meet his burden under 28 U.S.C. § 2253(c).

For the foregoing reasons, the Certificate of Appealability is DENIED.

DATED this 22 day of February, 2010.

/s/ Barbara Jacobs Rothstein
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[2] Petitioner filed his habeas petition in the Sacramento County Superior Court. The Court denied the petition and Petitioner filed a second petition with the California Court of Appeal. The California Court of Appeal issued an order to show cause returning the case to the Sacramento County Superior Court and directed the Superior Court to appoint counsel for petitioner. An evidentiary hearing was held on January 27, 2006. The Superior Court entered an order denying the petition on February 16, 2006.